IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN MICHAEL KNIGHT**                                                      **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 2:11cv161-MTP**

**JASON MILLSAP, ET AL.**                                                  **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on November 17, 2011. Plaintiff appeared *pro se*, and Seth Hunter, standing in for James K. Dukes, Jr., appeared on behalf of Defendants Jason Millsap, Officer Corley, Sheriff Billy Magee, and the Forrest County Board of Supervisors. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

**JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was housed at the Forrest County Jail awaiting trial on a felony charge and a revocation hearing on a probation violation. He is currently incarcerated at the South Mississippi Correctional Institution. Plaintiff's claims were clarified and amended by his sworn testimony

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

during the *Spears* hearing;[2] accordingly, only the following claims remain pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:[3]

Plaintiff alleges claims against Defendants for excessive force. Specifically, he claims that in April 2011, Officer Corley and Officer Jason Millsap assaulted him for no reason. He claims they hit him in the face, slammed him on the ground, and continued to assault him after he was restrained. As a result, he suffered injuries. He claims he wrote letters and sent grievances to Sheriff Billy McGee regarding the incident, and he failed to do anything.

He claims Sheriff McGee and the Forrest County Board of Supervisors are responsible for Officer Corley's and Officer Millsap's actions. He claims he is not the first inmate that has been assaulted by these officers and that Sheriff McGee and the Board are aware of the prior assaults. He claims it is a pattern and practice that they are aware of and that Sheriff McGee and the Board actually condone it.

Plaintiff seeks monetary damages for his medical bills and for his pain, suffering and emotional distress.

**DISCOVERY AND OTHER ISSUES**

1. Defendants are directed to produce to Plaintiff copies of the following: Plaintiff's medical records from April 2011 to present, any incident reports from the alleged incident in

---

[2]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[3]The court makes no finding as to whether such claims are meritorious at this time. Moreover, this summary of claims is not meant to be an exhaustive recitation of the facts alleged at the hearing in support of the claims.

April 2011, any videos of the incident, any photographs taken after the incident, and any grievances or correspondence exchanged with Defendants regarding the incident.  Defendants produced some documents to Plaintiff during the hearing.  Defendants are ordered to produce any remaining documents, photographs and videos and/or a statement that such documents and things do not exist by December 19, 2011.  Further, Plaintiff executed a medical authorization; Defendants are ordered to produce to Plaintiff a copy of any and all records received pursuant to the medical authorization upon receipt of such records.

2. Plaintiff's Motion [25] to Compel is granted in part and denied in part.  Plaintiff's motion is granted to the extent it seeks the documents and things set forth above.  The remainder of Plaintiff's motion is denied.

3. There are no other discovery issues pending at this time.  The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rule of Civil Procedure 26(b)(1).

4. The deadline for filing motions (other than motions *in limine*) is February 15, 2012.

5. Plaintiff's ore tenus motion for a jury trial is granted.  Once any dispositive motions are ruled on, any remaining claims will be set for a jury trial.

6. Plaintiff's ore tenus motion for counsel is denied.  Plaintiff failed to set forth any exceptional circumstances which would warrant the appointment of counsel.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988);  *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  As evidenced by his pleadings and his testimony

during the hearing, Plaintiff is capable of adequately presenting his claims to the court.

7. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED AND ADJUDGED this the 18th day of November, 2011.

                                  s/ Michael T. Parker
                                  United States Magistrate Judge