# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**STEVEN MICHAEL KNIGHT**                                                                 **PLAINTIFF**

**VS.**                                                                   **CIVIL ACTION NO. 2:11cv161-MTP**

**JASON MILLSAP, ET AL.**                                                              **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [38] filed by the Defendants. Having reviewed the submissions of the parties and the applicable law, the court finds that Defendants' Motion for Summary Judgment [38] should be granted in part and denied in part.

### FACTUAL BACKGROUND

Plaintiff Steven Michael Knight, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on August 3, 2011. Plaintiff's claims occurred while he was housed at the Forrest County Jail (the "Jail") awaiting trial on a felony charge and a revocation hearing on a probation violation. He is currently incarcerated at the Wilkinson County Correctional Facility. Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges a claim against Defendants Officer Jason Millsap, Officer Joseph Corley, Sheriff Billy McGee, and the Forrest County Board of Supervisors for excessive force. *See* Omnibus Order [27]. Specifically, he claims that in April of 2011, Officer Corley and Officer Millsap assaulted him for no reason. He claims they hit him in the face, slammed him on

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears*, or omnibus hearing took place on November 17, 2011. *See* Transcript ("Tr.") [46].

1

the ground, and continued to assault him after he was restrained. As a result, he suffered injuries. He claims he wrote letters and sent grievances to Sheriff Billy McGee regarding the incident, and he failed to do anything.

Plaintiff further claims Sheriff McGee and the Forrest County Board of Supervisors are responsible for Officer Corley's and Officer Millsap's actions. He claims he is not the first inmate that has been assaulted by these officers and that Sheriff McGee and the Board are aware of the prior assaults. He claims it is a pattern and practice that they are aware of and that Sheriff McGee and the Board actually condone it. Plaintiff seeks monetary damages for his medical bills and for his pain, suffering and emotional distress. He further requests that the officers involved in the alleged assault be terminated from their positions.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section

1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Qualified Immunity

Sheriff Billy McGee, Officer Joseph Corley, and Officer Jason Millsap claim they are entitled to qualified immunity for Plaintiff's claims against them in their individual capacity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The Defendants are "entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (citing *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007)). In the recent decision of *Pearson*, the Supreme Court receded from its holding in *Saucier v. Katz*, 533 U.S. 194 (2001) (setting forth original two-prong test above), holding that "while the sequence [of the two-prong test] set forth [in *Saucier*] is often appropriate, it should

3

no longer be regarded as mandatory." *Pearson*, 129 S. Ct. at 818. "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal citations and quotations omitted). The "core judicial inquiry" when deciding whether an excessive force claim violates the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.[2] Thus, a prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id*. at 4; *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177 (2010) (reversing district court's dismissal of prisoner's excessive force claim based entirely on its determination that his injuries were "de minimis," reasoning that it was "at odds with *Hudson'*s direction to decide excessive force claims based on the nature of the force rather than the extent of the injury").

Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful

---

[2]The analysis for an excessive force claim is the same whether it is brought by a pretrial detainee or a convicted inmate. *See Valencia v. Wiggins*, 981 F.2d 1440, 1446-47 (5th Cir. 1990).

4

response." *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (internal citations omitted).

Plaintiff's sworn *Spears* testimony reflects that in April of 2006, after he completed a urinalysis sample, he asked Officer Corley if he could get his cell phone so he could retrieve some phone numbers. When Officer Corley returned, Plaintiff claims Corley went into a "rage" because another inmate gave Plaintiff a cookie. He claims Officer Corley called Officer Millsap, who is known for "beating people," for back-up. Officer Millsap ordered Plaintiff to remove his t-shirt and when Plaintiff tried to comply Millsap "knocked" him in the face, "busted" his head, and continued to kick him, stomp on him, and bust his head open after he was handcuffed.[3] Tr. [46] at 18-21. He further testified that Officer Millsap and Officer Corley hit him with their radios after he was restrained, and that Officer Corley tried to break his arm by bending it behind his back after he was restrained. *Id.* at 21.

The record reflects that Plaintiff was seen by Dr. Calvin Washington at the Jail immediately following the altercation. Dr. Washington noted that Plaintiff had contusions and/or abrasions to his forehead, ear, and scalp. Plaintiff complained of a headache and discomfort with flexion of the neck. Dr. Washington ordered a CT of the head and an x-ray of the cervical spine and prescribed Plaintiff pain medication and an antibiotic. *See* Exs. 7-9, 11 to Motion [38]. Plaintiff was taken to Forrest General Hospital; the CT scan and x-rays were normal. *See* Ex. 10 to Motion [38]. Plaintiff also testified that he was urinating blood for a month as a result of the assault. Tr. [46] at 20.

The affidavits of Officer Corley and Officer Millsap reflect that on April 6, 2011,

---

[3]Plaintiff claims that the assault was captured by video surveillance, but Defendants represent that there is no video of the incident.

Plaintiff became irate and charged Officer Millsap after Plaintiff was ordered to remove his t-shirt (which was considered contraband and against Jail policy). The affidavits state that Officer Corley grabbed Plaintiff from behind and that Corley and Millsap took Plaintiff to the ground and handcuffed him. Officer Millsap then escorted Plaintiff to another floor. *See* Exs. 15 and 16 to Motion [38]. The affidavits are silent as to the amount of necessary force applied during the altercation or whether Plaintiff was kicked or hit after he was restrained.

It was clearly established at the time of the incident that inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006); *Hudson v. McMillian*, 503 U.S. 1 (1992). Based on Plaintiff's sworn allegations in his complaint, his sworn *Spears* testimony, his response in opposition to the motion, and the evidence before the court, Plaintiff has sufficiently raised genuine issues of material fact as to whether Officer Corley and Officer Millsap applied excessive force in violation of the Eighth Amendment and whether their conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *See Goffney v. Sauceda*, No. 08-20233, 2009 WL 2029812, at *3 (5th Cir. Jul. 13, 2009) (holding that plaintiff raised a genuine issue of fact as to whether excessive force was used following his arrest, accordingly summary judgment and the related issue of qualified immunity were improper); *Payne v. Dickerson*, No. 08-60416, 2009 WL 1616661, at *1 (5th Cir. Jun. 9, 2009) (affirming district court's holding that officer was not entitled to qualified immunity from plaintiff's excessive force claim, where plaintiff alleged the violation of a clearly established constitutional right not to be subjected to excessive force by police officers and where plaintiff made sufficient allegations that he suffered more than a de minimis injury as a result of the alleged excessive use of force); *Watts v. Smart*, 328 F. App'x 291, 293–94 (5th Cir. 2009) (holding that genuine issues of material fact prevented summary

judgment on qualified immunity issue, where plaintiff raised genuine issues as to whether the force applied by the officers was excessive and whether their conduct was objectively reasonable). Accordingly, the court concludes that Officer Millsap and Officer Corley are not entitled to qualified immunity at this time.[4]

It is undisputed that Sheriff McGee was not personally involved in the alleged assault. Plaintiff first testified that he named Sheriff McGee as a Defendant because "he is responsible for [Corley and Millsaps'] actions." Tr. [46] at 22. It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). Thus, Sheriff McGee is not vicariously liable for the actions of Officers Corley and Millsaps. Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff claims he is not the first inmate that has been assaulted by these officers and that Sheriff McGee was aware of the prior assaults. He claims Officers Corley and Millsap use

---

[4]By concluding that genuine issues of material fact remain as to Plaintiff's excessive force claim against Officer Millsap and Officer Corley in their individual capacities, the court in no way determines that such claim will ultimately be meritorious.

excessive force on inmates at the Jail on a regular basis, and that it is a pattern and practice that Sheriff McGee condones. He claims he has personally seen "a bunch" of assaults by Officer Millsap and has seen letters and grievance forms from other inmates to the Sheriff regarding same, and the Sheriff fails to take any action to stop it. Tr. [46] at 22-24.

In his affidavit, Sheriff McGee denies Plaintiff's allegations regarding the custom and practice of officers assaulting inmates at the Jail, and states that force is only used to maintain order or for the protection of the staff or other inmates. *See* Ex. 17 to Motion [38-17]. He states that his officers are properly trained and supervised and he found no evidence that Officers Corley or Millsap used excessive force or violated policy. *See* Exs. 17 and 14 to Motion [38].

The court finds that Plaintiff has failed to establish that Sheriff McGee violated his constitutional rights. Specifically, he has failed to show a "sufficient causal connection" between Sheriff McGee's alleged wrongful conduct and the alleged constitutional violation. *Thompkins*, 828 F.2d at 304. Even assuming Plaintiff could meet the first prong of the qualified immunity test cited above, he has failed to submit competent summary judgment evidence to raise a genuine issue of material fact as to whether Sheriff McGee's actions and/or inactions were objectively unreasonable in light of clearly established law. Accordingly, the court finds that Sheriff McGee is entitled to qualified immunity for Plaintiff's claims against him in his individual capacity.

Official Capacity Claims

Plaintiff claims that Sheriff McGee and the Forrest County Board of Supervisors are responsible for Officer Corley's and Officer Millsap's actions. As stated above, Plaintiff claims that the assault of inmates by these officers is an ongoing pattern and practice that both the Sheriff and the Board are aware of and actually condone. Tr. [46] at 22-24.

8

"For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). Plaintiff's claim against Sheriff McGee in his official capacity is treated as a claim against Forrest County. *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). Likewise, Plaintiff's claim against the Board of Supervisors is in effect a suit against Forrest County. *See Roebuck v. Diamond Detective Agency*, No. 3:10CV331TSL–MTP, 2011 WL 4737583, at *2 (S.D. Miss. Oct. 6, 2011). In order for a local governmental entity to have liability under Section 1983, Plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's "description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Rivera v. Salazar*, 166 F. App'x 704, 706 (5th Cir. 2005); *Barrett v. Kocher*, 127 F. App'x 697, 698 (5th Cir. 2005).

As stated above, Sheriff McGee denies the existence of such a policy, custom or practice and states that force is only used to maintain order or for the protection of the staff or other inmates. *See* Ex. 17 to Motion [38-17]. Defendants also attach to their Motion [38] the Jail's policy on excessive force, which provides that "when physical force is permissible, Correctional Officers may only utilize the amount of force necessary to eliminate the threat they are facing . . . [and] to bring the inmate into compliance with the Officer's order(s)." *See* Ex. 14 to Motion [38-14] at 6.

Plaintiff's allegations that there is a policy, custom, or practice of Forrest County to condone excessive force and/or assaults by the Jail's officers are conclusory in nature and

insufficient to defeat summary judgment. *See Spiller,* 130 F.3d at 167. Moreover, Plaintiff has failed to show direct causation, "i.e., that there was a direct causal link between the policy and the violation." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations and quotations omitted); *see also Walker v. Harris Cnty.*, No. 11–20235, 2012 WL 1570673, at *3 (5th Cir. May 4, 2012) ("Absent summary judgment evidence that the deputy who arrested her had any knowledge of the alleged county policy of not disciplining deputies, it was impossible for Walker to establish the required causal link."). Indeed, Plaintiff offers no specific dates or other details of prior assaults by these officers or any details that such practice is condoned. In his opposition to Defendants' Motion[38], Plaintiff merely attaches the same exhibits attached to Defendants' Motion and an excerpt from his complaint.

For the foregoing reasons, Plaintiff's claims against the Forrest County Board of Supervisors and his claims against Billy McGee in his official capacity, and to the extent they are alleged his claims against Officers Corley and Millsap in their official capacities, should be dismissed.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [38] should be granted in part and denied in part as set forth herein. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion for Summary Judgment [38] is granted in part and denied in part.

2. Defendants' Motion [38] is GRANTED as to the Forrest County Board of Supervisors and Sheriff Billy McGee. The Forrest County Board of Supervisors and Sheriff Billy McGee are hereby dismissed with prejudice.

3. Defendants' Motion [38] is DENIED as to Joseph Corley and Jason Millsap for Plaintiff's claims against them in their individual capacities. Defendants' Motion is GRANTED as to Joseph Corley and Jason Millsap for Plaintiff's claims against them in their official capacities, to the extent such claims are alleged.

4. The court will set the remaining claims for trial and pretrial conference under separate order.

SO ORDERED this the 22nd day of August, 2012.

s/ Michael T. Parker<br>United States Magistrate Judge