**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

STEVEN MICHAEL KNIGHT                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:11cv161-MTP

JASON MILLSAP, ET AL.                                                    DEFENDANTS

<u>**ORDER**</u>

THIS MATTER came before the court on the Plaintiff's Motion [48] for Discovery, Motion for Reconsideration of Order, and Motion to Withdraw Consent. The court having considered the motions finds that they should be denied.

In first motion, Plaintiff asks for a court order holding Defendants in contempt for allegedly destroying the video of the alleged excessive force incident. Plaintiff further propounds additional discovery requests regarding the surveillance cameras in place at the Forrest County Jail at the time of the incident. This is the second motion filed by Plaintiff regarding the video of the incident. The court previously denied Plaintiff's motion regarding the alleged destruction of the video. *See* Order [34].

The court addressed Plaintiff's discovery requests during the omnibus hearing on November 17, 2011. In its Omnibus Order [27], the court directed Defendants to produce a video of the incident alleged in Plaintiff's complaint and/or a statement that no such video exists. *See* Order [27]. Defendants filed a statement on December 19, 2011, that no such video exists. *See* Response [30]. There is no evidence before the court that the video was improperly destroyed. Accordingly, Plaintiff's request for additional discovery and for an order holding Defendants in contempt will be denied.

Plaintiff next "seeks to object and appeal the opinion and order dismissing with prejudice

Defendants Sheriff Billy McGee and the Forrest County Board of Supervisors." Motion [48] at 2. On August 22, 2012, this court entered a Memorandum Opinion and Order [47] granting in part and denying in part Defendants' Motion for Summary Judgment [38]. In that Order [47], the court dismissed Plaintiff's claims against Sheriff Billy McGee and the Forrest County Board of Supervisors with prejudice. Because the undersigned has consent in this matter, Plaintiff may not appeal the undersigned's Order [47] to the district judge. *See* Consent [26] and Order [29]. Moreover, because the undersigned's Order [47] was not a final order, the decision is not ripe for appeal to the Fifth Circuit Court of Appeals; no final judgment has been entered in this case pursuant to Fed. R. Civ. P. 54(b) or 58. Thus, the court construes Plaintiff's Motion [48] as a motion to reconsider.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc*., 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc*., No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc*., 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of*

*Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000).  Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*   There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted).  If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.  Plaintiff has failed to demonstrate any of these grounds.  Thus, the motion must be denied.

Finally, Plaintiff seeks to withdraw his consent to the undersigned, stating that "he was not aware that he consented to Magistrate Judge Michael T. Parker replacing District Judge Keith Starrett."  Motion [48] at 3.  As reflected in the transcript from the omnibus hearing, the court thoroughly explained the consent process to Plaintiff and asked him if he had any questions regarding the process. *See* Transcript [46] at 5-11.  The court then asked Plaintiff, "Do you want to consent or would you rather the case stay with the district judge?" *Id.* at 7.  Plaintiff replied, "I consent." *Id.*  Plaintiff then signed the consent form. *See* Transcript [46] at 5-11; Consent [26].

Plaintiff has failed to show good cause to withdraw his consent from the undersigned Magistrate Judge.  Accordingly, his motion should be denied. *See Brumley v. Livingston*, 459 F. App'x 470, 471 (5th Cir. 2012) (affirming denial of motion to withdraw consent where plaintiff failed to demonstrate good cause).

3

IT IS, THEREFORE, ORDERED:

1.      That Plaintiff's Motion [48] for Discovery, Motion for Reconsideration of Order, and Motion to Withdraw Consent are denied.

2.      Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal.

SO ORDERED this the 26th day of September, 2012.

s/ Michael T. Parker
United States Magistrate Judge

4